UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANA LYNN COOPER,

   Petitioner,

v.             Case No. 5:03-cv-360-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

   Respondent.
_____

## ORDER DISMISSING PETITION

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondents filed a Response to the Petition seeking dismissal of the action with prejudice pursuant to the one-year statute of limitations for §2254 petitions, as set forth in 28 U.S.C. § 2244.  (Doc. 16). The Petition, the Response to the Petition, and the administrative record submitted with the Response demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record.  See Habeas Rule 8(a).

### Convictions and Sentences

Petitioner entered into a written plea agreement in which she pleaded guilty to principal to armed burglary, principal to armed robbery, and two counts of third-degree murder as principal.[1]  In the plea agreement, Petitioner waived her right to

---

[1] Appx. B, pgs. 1-4.  (Doc. 17).

appeal, except as to collateral matters.[2]  Judgment on Petitioner's guilty plea was entered July 15, 1998.[3]

On August 20, 1998, Petitioner filed a motion to mitigate sentence, which was denied on August 31, 1998.[4]  On March 21, 2000, Petitioner filed a motion to correct an illegal sentence, which the trial court denied on June 5, 2000.[5]  On June 26, 2002, Petitioner a motion for post-conviction relief, which was denied as untimely on July 23, 2002.  The denial was affirmed by the Fifth District Court of Appeal of the State of Florida on September 3, 2002.  Mandate issued on September 20, 2002.[6]

On September 13, 2002, Petitioner sought the right to a belated appeal.[7]  A court-appointed commissioner conducted an evidentiary hearing on December 9, 2002 and December 16, 2002, finding that Petitioner understood she was waiving her right to appeal, except as to collateral matters, and ultimately recommended denial of Petitioner's request because Petitioner did not exercise due diligence in seeking a belated appeal.[8]  Following the hearing, the appellate court denied

---

[2]Appx. B, pgs. 4, 10. (Doc. 17).

[3]Appx. B, pgs. 25, 41.  (Doc. 17).

[4]Appx. C.  (Doc. 17).

[5]Appx. D.  (Doc. 17).

[6]Appx. E.  (Doc. 17).

[7]Appx. F, pg. 1.  (Doc. 17).

[8]Appx. G.  (Doc. 17).

Petitioner's petition for a belated appeal on January 15, 2003.[9]  In and order dated March 31, 2003, the Florida  Supreme Court dismissed the case for lack of jurisdiction.[10]  Petitioner filed the instant Petition on August 3, 2003.

## Timeliness of Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 was amended by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. §2244(d)(1). Therefore, absent any state court post-conviction proceeding that would have tolled the federal limitation period, a Petitioner who's conviction and sentence became final after the effective date of AEPDA has one-year from the date the conviction and sentence became final to file a federal habeas petition.  See 28 U.S.C. §2244(d)(2).

A review of the record shows that on July 15, 1998, Petitioner's judgment and sentence were entered.  On August 20, 1998, Petitioner filed a motion to mitigate sentence, which was denied on August 31, 1998.  Therefore, the one-year time limit began to run, at the latest, on August 31, 1998.  Accordingly, Petitioner had until August 31, 1999 to file her federal habeas petition, absent collateral state court activity.  Petitioner did not begin to file any post-conviction relief motions until March 2000, over one-year from the date her convictions became final.  Therefore,

---

[9]Appx. H, pg. 1.  (Doc. 17).

[10]Appx. H, pg. 2.  (Doc. 17).

Petitioner's motions could not serve to toll the one-year time limitation because there was nothing left to toll.[11]

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED.**  The Clerk is directed to enter judgment dismissing the Petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 18th  day of May 2006.

UNITED STATES DISTRICT JUDGE

c:  Dana Lynn Cooper
    Counsel of Record

---

[11]Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (a Rule 3.850 motion "that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").